IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MELISSA EMERSON                                                                    PLAINTIFF

v.                                    No. 5:17-CV-05145

DEUTSCHE BANK NATIONAL TRUST
COMPANY, Trustee for Morgan Stanley
ABS Capital I Inc. Trust 2006-NC3                                                  DEFENDANT

**OPINION AND ORDER**

Before the Court are a motion to dismiss (Doc. 7) and brief in support (Doc. 8) filed by Deutsche Bank National Trust Company (Deutsche Bank), and Plaintiff Melissa Emerson's response (Doc. 12) and brief in support (Doc. 13). For the following reasons, the Court finds that Deutsche Bank's motion to dismiss (Doc. 9) should be granted.

**I.    Background**

On or about November 2, 2005, Roy Lankford and Mary Lankford entered into a promissory note in the amount of $107,920.00 plus interest, secured by a mortgage with New Century Mortgage Corporation (New Century). The mortgage was secured by property located in Benton County with a street address of 660 Walnut Ridge Street, Centerton, AR 72719.

On or about June 26, 2012, an Assignment of Mortgage/Deed of Trust was filed assigning the mortgage from New Century Mortgage Corporation to Deutsche Bank National Trust Company, as Trustee under a Pooling and Servicing Agreement.

On June 26, 2015, Mary Lankford provided a quitclaim deed for the property to Wade Emerson and Melissa Emerson, a married couple. Ms. Emerson's husband later died, leaving her as the sole owner of the property.

Ms. Emerson subsequently received a Notice of Default and Intention to Sell on behalf of

Deutsche Bank. Ms. Emerson filed a complaint to enjoin Deutsche Bank from foreclosing on the property.

## II. Legal Standard

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). However, pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009).

"*Twombly* and *Iqbal* did not abrogate the notice pleading standard of [Federal] Rule [of Procedure] 8(a)(2). Rather, those decisions confirmed that Rule 8(a)(2) is satisfied 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for a misconduct alleged.'" *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Where the facts alleged, taken as true, "raise a reasonable expectation that discovery will reveal evidence" in support of a plaintiff's claim, the Court should not grant a motion to dismiss. *Twombly*, 550 U.S. at 556.

Subject matter jurisdiction "is the threshold issue in every case in the federal courts." *Haley v. Childers*, 314 F.2d 610, 613 (8th Cir. 1963). When a case is initiated in federal court pursuant to the filing of a complaint, the facts alleged, taken as true, must affirmatively demonstrate that subject matter jurisdiction exists. *Id.*

## III. Analysis

In her complaint, Ms. Emerson contends that Deutsche Bank lacks standing to foreclose

on her property because "neither the Note nor the Mortgage/Deed of trust was assigned to the securitized trust pursuant to the Pooling and Servicing Agreement."[1] Deutsche Bank contends that Ms. Emerson's claims should be dismissed because she does not have standing to challenge the assignment of the mortgage. The Court finds that Ms. Emerson lacks standing to challenge the assignment and that her claims should be dismissed.

The Eight Circuit has held that that a borrower lacks standing to challenge the validity of a mortgage assignment based on alleged noncompliance with a pooling and servicing agreement, because the borrower is neither a party to the agreement nor a third party beneficiary. *See Rogers v. Bank of America, N.A.*, 787 F.3d 937, 938 (8th Cir. 2015) (Plaintiff "did not have standing to challenge whether the mortgage assignments conformed to the Pooling and Servicing Agreement because she was not party to that agreement."); *see also Karnatcheva v. JPMorgan Chase Bank*, N.A., 704 F.3d 545, 547 (8th Cir. 2013) ("[M]ortgagors do not have standing to request declaratory judgments regarding these types of trust agreements because the mortgagors are not parties to or beneficiaries of the agreements."). Here, Ms. Emerson was not a party or beneficiary to the Pooling and Servicing Agreement and, as such, does not have standing to challenge validity of the mortgage assignment.[2] Accordingly, her complaint must be dismissed without prejudice. *See*

---

[1] Ms. Emerson also argues that "any assignment or transfer by New Century is invalid and void since it ceased to exist as an entity pursuant to its Chapter 11 filing." However, this assertion is not supported by law. The only authority cited by Ms. Emerson addresses whether subsidiary corporations dissolved in accordance with the laws of their states are subject to criminal prosecution and is not applicable in this case.

[2] Ms. Emerson attempts to distinguish this case from the controlling Eighth Circuit law by arguing that "the Court in *Karnatcheva* noted that the decision in [*Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027 (8th Cir. 2012)] did not preclude challenges to the validity of an assignment that do 'not rely on the failure of the foreclosing party to produce the note,' including those challenging powers of attorney and assignments of mortgage not executed by an authorized individual, invalidating the assignment of the mortgage." However, *Murphy* addressed a quite-tile claim. Here, Ms. Emerson does not make a quiet-title claim, but merely requests a

*County of Mille Lacs v. Benjamin*, 361 F.3d 460, 464-65 (8th Cir. 2004) (holding that dismissal on jurisdictional grounds must be without prejudice).

**IV.    Conclusion**

IT IS THEREFORE ORDERED that Defendant Deutsche Bank's motion to dismiss (Doc. 7) is GRANTED and the claims against Deutsche Bank are DISMISSED WITHOUT PREJUDICE for lack of standing.  Judgment will be entered in favor of Deutsche Bank National Trust Company.

IT IS SO ORDERED this 12th day of December, 2017.

*/s/P. K. Holmes,* III
P.K. HOLMES, III

---

declaratory judgment that the assignment was void.  Accordingly, *Murphy* is not applicable in this case.

4